[Albert Haas Lumber Co. v. Gibson.]

# Albert Hass Lumber Co. *v.* Gibson.

## *Detinue.*

(Decided April 20, 1911. 54 South. 994.)

1. *Discovery; Interrogatories; Service of.*—Interrogatories may properly be served on an attorney of record under the express provision of section 4050, Code 1907.

2. *Same; Failure to Answer; Penalty.*—Where plaintiff fails to answer interrogatories, it was proper, under section 4055, Code 1907, to tax him with the costs, to continue the case, and to require payments of the cost and answers to the interrogatories within 90 days.

3. *Same; Dismissal; Non-Compliance.*—Where an order was entered requiring payment of costs, and answer to interrogatories within 90 days, the suit was properly dismissed for a failure on plaintiff's part to comply with such order.

4. *Same; New Trial; Grounds; Negligence.*—In the absence of fraud or collusion, a party is not entitled to a new trial for the failure on plaintiff's part to comply with such order.

5. *Same; New Trial; Ground; Negligencee.*—In the absence of fraud or collusion, a party is not entitled to a new trial for the failure of his counsel to notify him of steps taken or orders made in the cause.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Detinue by the Albert Hass Lumber Company against J. W. Gibson. From a judgment dismissing the suit for noncompliance with an order of court, plaintiffs appeal. Affirmed.

On July 8, 1909, the defendant filed interrogatories to the plaintiff, under section 4049 et seq. of the Code of 1907, and a copy of these interrogatories was on the 12th day of July, 1909, filed upon the attorney of record of plaintiff. On September 15, 1909, it was ordered by the court that plaintiff pay all the costs in the case up to this time and answer interrogatories within 90 days. On March 14, 1910, the court dismissed the cause for failure of plaintiff to pay costs and answer interroga-

tories as required, and, the property having been taken in possession by the plaintiff, a jury was called to assess its alternate value, and judgment was rendered thereon for the defendant.

COLEMAN, DENT & WEIL, FRANK D. BRICKEN, and PHIL H. STERN, for appellant. The court had no power to dismiss appellant's case because it failed to pay the costs and answer interrogatories propounded to it.— Sec. 4055, Code 1907; *M. & O. R. R. Co. v. Seals*, 100 Ala. 376; *Culver v. Ala. Mid.*, 108 Ala. 333; *Ex parte McLendon*, 33 Ala. 276; *Bessemer v. So. Ry.*, 155 Ala. 428. Being without authority to make the order, and therefore, to dismiss for want of compliance with the order, the court was in error in refusing to set aside the judgment rendered by him. Under the testimony, the failure to comply with the orders was in fault of counsel in not notifying plaintiff of the orders, and the court should have exercised its discretion to remedy the wrong.—*Sharon v. Sharon*, 75 Cal. 1; *Murrell v. Buell*, 74 Wis. 14; Sec. 5372, Code 1907; 52 Pac. 1; 10 W. Va. 677; *Ex parte Chase*, 43 Ala. 303; *Ala. Co. v. Wrenn*, 136 Ala. 490; *Stevens v. The State*, 138 Ala. 80; *Kroell v. The State*, 139 Ala. 11; *Kelly v. Horsley*, 147 Ala. 508.

M. W. RUSHTON, and POWELL, HAMILTON & LANE, for appellee. The right of the court to make the order is unquestioned.—Secs. 4045, et seq., Code 1907; 8 A. & E. Enc. of Law, 28. It was within the discretion of the court to impose the terms and to require a compliance therewith.—*Torrey v. Slaughter*, 104 Ala. 553; *Waller v. Sulspacher*, 38 Ala. 318; *Mound v. Loeb*, 87 Ala. 374; *Rhea v. Tucker*, 56 Ala. 450; *Dunlap v. Horton*, 49 Ala. 412; *Torrey v. Bishop*, 104 Ala. 552. The granting or refusing of a new trial was within the discretion of the

trial court, and no abuse is shown.—Sec. 2846, Code 1907; *Mobile L. & R. Co. v. Hanson,* 135 Ala. 286; *Truss v. B. L. & M. R. R. Co.,* 96 Ala. 316.

ANDERSON, J.—The interrogatories were served on one of the plaintiff's attorneys of record, and such service was authorized by the statute.—Section 4050 of the Code of 1907; *Jackson v. Hughes,* 6 Ala. 257; *Cain Lumber Co. v. Standard Co.,* 108 Ala. 346, 18 South. 882.

Section 4055 is as follows: "If answers to the interrogatories are not filed within thirty days after service of a copy of the interrogatories, or when the answers are not full, or are evasive, the court may either attach the party and cause him to answer fully in open court, or tax him with so much costs as may be just, and continue the cause until full answers are made, or direct a non-suit or judgment by default or decree pro confesso to be entered, or render such judgment or decree as would be appropriate if such defaulting party offered no evidence." The plaintiff, not having answered the interrogatories, was taxed with the cost, and the case was continued, and an order made requiring the payment of the cost and the answering of the said interrogatories within 90 days. This action of the trial court was not only authorized by the statute but the penalty imposed was almost, if not quite, the lightest penalty authorized for the default.

The order being authorized and reasonable, the court had the inherent power, at the next term, to dismiss for a noncompliance with the said order. Courts would indeed be helpless if they had no power to compel obedience to reasonable and .authorized orders, and the wheels of justice would be clogged if suitors were permitted to defy orders and revel in defaults and con-

tempt. Moreover, the judgment dismissing the cause shows the presence of counsel, and it does not appear, from any part of the record, that there was an objection or exception to the action of the court.

It is not denied that the plaintiff's counsel had notice of the interrogatories, or of the terms imposed for the plaintiff's default; but the appellant's contention is that the attorneys negligently failed to notify it, either as to the interrogatories or of the order of the court. "The rule of law is unquestioned that notice to an attorney, while in the employment or service of his client, of facts connected with the business in which he is engaged, operates as notice to the client."—*Price v. Carney,* 75 Ala. 546; *Wiley v. Knight,* 27 Ala. 336. "An attorney being an agent, duly authorized, his acts are those of his client. The client is therefore bound by all of the acts of his attorney in the course of legal proceedings, in the absence of fraud or collusion, and he cannot plead the negligence of his attorney as a ground for relief."—3 Am. & Eng. Ency. of Law, 324, and many cases cited in note 5. The motion for a new trial is not grounded on fraud or collusion, even if this would be the proper forum for relief, but upon the mere neglect of counsel in failing to notify the plaintiff of the different steps taken in the progress of the cause that they had brought and which said attorneys had been employed to bring and prosecute. The plaintiff must redress its grievance, if any it has, against the attorneys, and not this defendant.—3 Am. & Eng. Ency. of Law, 325-379.

The judgment of the circuit court is affirmed.

Affirmed.

SIMPSON, SAYRE, and SOMERVILLE, JJ., concur.