Sawako **KAKUWA** and Pacific Ocean Development Co., Inc., Appellants,

v.

Adrian C. **SANCHEZ** et ux., Appellees.

No. 73–1782.

United States Court of Appeals, Ninth Circuit.

June 7, 1974.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

On the application of this provision, see K. Davis, Administrative Law Treatise § 29.06 (Supp.1970) and Judge Kalodner's thoughtful opinion in Charlton v. United States, 3 Cir. 1969, 412 F.2d 390.

Finton J. Phelan, Agana, Guam (argued), for appellants.

Howard G. Trapp (argued), of Trapp, Gayle & Co., Agana, Guam, for appellees.

Before CHOY and SNEED, Circuit Judges, and KING,* District Judge.

## OPINION

SNEED, Circuit Judge:

Counsel for the plaintiff opened his oral argument before this Court by observing that this case is a "mess." In this he is right, although its condition has been achieved substantially through his own ineptness.

The appeal challenges the dismissal by the district court of Guam of Count II of the Plaintiff's complaint on its merits pursuant to the authority of Fed.R.Civ. P. 37(d) and 37(b)(2)(C). Count I of the complaint, which consisted of the claim of Sawako Kakuwa in her individual capacity, was dismissed by the district court on October 10, 1972 on the ground that she was not the real party in interest, and this action was affirmed by this Court in No. 72–3164. It is our view that notwithstanding the ineptness of counsel the district court erred in dismissing Count II of the complaint.

Plaintiff Pacific Ocean Development Company Inc. is a corporation of Guam, and Sawako Kakuwa is a Japanese citizen residing in Tokyo. The complaint alleges that Masaeki Kakuwa, the now deceased husband of Sawako Kakuwa, and defendant, Adrian C. Sanchez, met in December, 1969 and that as a result of this meeting Sanchez agreed to sell a certain parcel of land to Masaeki. After making a $1,000 down payment on the parcel, Masaeki, Kiyoshi Nakanote, Edward G. Tsutsui, Hisako Tsutsui, and the defendant Adrian Sanchez joined in securing Articles of Incorporation of the plaintiff Development Company. The complaint also alleges that in March, 1970 the purchase price of the parcel was modified to $120,000 and that during that month $16,400 was paid to Sanchez from the individual funds of Masaeki. In June, 1970 the Development Company's Articles of Incorporation and By-Laws were filed. At the first meeting of its stockholders and directors Masaeki Kakuwa was elected President and Adrian C. Sanchez Treasurer and Assistant Secretary.

The complaint continues by alleging that Masaeki Kakuwa died in January, 1971 and that in April, 1971 Sanchez declared the contract for the sale of the parcel to be cancelled and asserted that he was entitled to retain the down payment as liquidated damages. This retention, despite a demand that it be returned, is characterized as unjust enrichment in the complaint. Moreover, it is alleged that Sanchez breached his fiduciary duties to the Development Company by failing to notify the directors that a second payment of $17,400 was due on March 18, 1971 and by selling the parcel, now allegedly worth $414,000, to others without providing the Development Company an opportunity to avoid the loss of its valuable contract. The complaint closes with a prayer for damages in the amount of $294,000. The defendants deny all the legally relevant allegations.

On September 5, 1972, shortly after the complaint had been filed, counsel for the defendants filed a notice of intent to take the oral deposition of the plaintiff and Sawako Kakuwa in the counsel's office on September 20 and 21, 1972. After being properly informed of this notice, counsel for plaintiff on September 14, 1972, filed what he denominated as a "Motion To Vacate and Set Aside The Notice of Taking Depositions By Oral Examinations And To Examine By Written Interrogatories Or Upon Writ-

* Honorable Samuel P. King, United States District Judge, District of Hawaii, sitting by designation.

ten Questions." In this motion plaintiff's counsel claimed that Sawako Kakuwa had little information about the case and did not have enough money to come to Guam. He also pointed out that Kiyoshi Nakanote was the only officer of the corporation who had sufficient knowledge of the transactions to answer questions, that he resided in Tokyo and was in poor health and that being absent from Tokyo would impose a great burden on him. The motion concluded by alleging that the plaintiff Development Company had no funds to bring these persons to Guam and requesting that the depositions be taken by written interrogatories. The motion was scheduled for hearing on September 22, 1972, two days after the date set for the initial oral deposition. Plaintiff's counsel arranged this scheduling believing that his motion stayed the taking of oral depositions.

Neither the plaintiff nor Sawako Kakuwa appeared to give their oral depositions on the dates specified. Thereafter, as already indicated, Count I of the complaint was dismissed. Plaintiff moved for default judgment on October 20, 1972, and six days later the defendants moved for dismissal of Count II pursuant to Fed.R.Civ.P. 37(d) and 37(b)(2)(C). This motion was heard on November 3, 1972. At that time counsel for plaintiff was informed by the court that he should have sought protective orders under Fed.R.Civ.P. 26(c) *prior* to the dates set for the oral depositions and that his September 14, 1972 motion which was scheduled to be heard *subsequent* to the deposition dates could not function as a request for such a protective order and did not relieve the plaintiff of the failure to have a designated person available for the oral deposition. Nonetheless, the district court refused to dismiss Count II and directed the plaintiff corporation to pay all costs relative to the taking of the deposition.

On November 8, 1972 the defendants once more served notice of their intent to take the oral deposition of the plaintiff. The deposition date was November 23, 1972. Counsel for plaintiff, on November 21, 1972, filed a request for a protective order directing that the notice to take the oral deposition be quashed on the grounds that Kiyoshi Nakanote had informed him that he had resigned as an officer or director of the plaintiff corporation and that the request was inappropriate "until after a hearing on the notice of motion to set aside the taking of the deposition by oral examination, and directing that it be taken by written interrogatories or questions." Presumably counsel was referring to his September 14, 1972 motion. The district court ordered the notice of intent to take an oral deposition quashed, but, apparently, it did not consider the question of whether to direct the use of written interrogatories.

Shortly after these events the steps to appeal the dismissal of Count I were undertaken. Then, on December 26, 1972, the defendants once more filed a notice to take the oral deposition of the plaintiff corporation. This time the deposition date was January 8, 1973. On January 5, 1973 counsel for plaintiff filed a "Motion to Vacate and Set Aside The Notice Of Taking Deposition By Oral Examination" and set it for hearing on January 26, 1973, apparently on the assumption that a hearing prior to January 8, 1973 was not proper under the local court rules. In this motion, counsel once more pointed out that Nakanote was no longer an officer or director of the plaintiff corporation, that the only officer and director having knowledge was the defendant Sanchez, and that written interrogatories should be directed to Nakanote. Of course, no officer, director, or managing agent of the plaintiff appeared at the January 8, 1973 deposition.

On January 10, 1973 defendants filed notice of their intent to move to dismiss Count II on February 2, 1973 pursuant to Fed.R.Civ.P. 37(d) and 37(b)(2)(C). When the plaintiff's January 5, 1973 motion came up for hearing on January 26, 1973, the defendants requested that it be heard on February 2 together with

their motion to dismiss. Counsel for plaintiff agreed with this request, and the date was set accordingly.

On February 2 both motions came before the district court. After ascertaining that counsel for the plaintiff contended "that the matter be handled by written interrogatories", the district court observed that Fed.R.Civ.P. 33 only permitted written interrogatories to be served on "parties" and that, consequently, it could not provide a basis for serving such interrogatories on Nakanote, who was not a "party." The court then inquired whether plaintiff's counsel was requesting a protective order, and, when informed that he was, the court once more pointed out that a protective order could not be obtained after the date set for the deposition. The plaintiffs' counsel pointed out that the local rules require a two week notice, but, in response, the court observed that requests for protective orders are exceptions to such rules. Thereupon, the district court asked plaintiffs' counsel if he had "any opposition or memorandum in opposition to" the motion by the defendants' counsel to dismiss the action, and the plaintiffs' counsel surprisingly responded, "No." The motion, not surprisingly, was granted.

■ We cannot escape the conclusion, however, that the district court erred in not recognizing that, under the circumstances of this case, the just procedure would have required the deposition of Kiyoshi Nakanote be taken upon written questions pursuant to Fed.R. Civ.P. 31, utilizing one of the methods prescribed in Fed.R.Civ.P. 28(b) for the taking of depositions in foreign countries. *Cf.* Hyam v. American Export Lines, Inc., 213 F.2d 221 (2d Cir., 1954). By our foregoing recital of the plaintiff's counsel's clumsy efforts to achieve the end which these rules authorize, we wish to make plain our understanding of the exasperation undoubtedly experienced by the trial court. However, the record indicates to us that counsel for the plaintiff adequately revealed the general thrust of his wishes and the circumstances with which he was confronted. Having done so it would be inappropriate to characterize the conduct of either plaintiff's counsel or the plaintiff as contumacious or in defiance of the court's authority. *Cf.* Pioche Mines Consolidated, Inc. v. Dolman, 333 F.2d 257 (9th Cir., 1964), cert. denied 380 U.S. 956, 85 S.Ct. 1081, 13 L.Ed.2d 972 (1965).

■ Our conclusion is strengthened by the fact that Fed.R.Civ.P. 37 must be read as limited by the Fifth Amendment's proscription against the deprivation of property without due process of law. Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). We are prepared to assert that dismissal under the circumstances of this case sufficiently resembles dismissal because of "inability" to comply with Fed.R.Civ.P. 37(b)(2)(C) rather than because of "willfulness, bad faith, or any fault of petitioner" to require that *Societe Internationale's* reasoning govern. 357 U.S. at 212, 78 S.Ct. 1095.

Nothing said here is intended to preclude the use of other sanctions authorized by Fed.R.Civ.P. 37(b)(2). Nor do we mean to suggest that should plaintiff's counsel fail to prosecute this action upon its remand to the district court, involuntary dismissal under Fed. R.Civ.P. 41(b) might not be appropriate.

We hold that the sanction of dismissal was improper under the circumstances of this case.

Reversed and remanded.