392 So.2d 832 (1981)
Henry WEATHERLY
v.
BAPTIST MEDICAL CENTER et al.
79-606.
Supreme Court of Alabama.
January 9, 1981.
*833 Jerome Tucker of Newton & Tucker, Birmingham, for appellant.
Thomas H. Keene of Rushton, Stakely, Johnston & Garrett, Montgomery, for appellees.
ADAMS, Justice.
This appeal is from the dismissal of a malpractice suit pursuant to Rule 37(b) (2)(C), ARCP, for plaintiff's failure to comply with the trial court's order to answer interrogatories. The central issue is whether the trial court abused its discretion in applying the sanction of dismissal. We reverse.
Plaintiff is an 80-year-old patient in a Montgomery County nursing home. The facts surrounding his injury are unclear. The case had been dismissed before any significant discovery had been achieved. However, plaintiff's complaint alleges:
On or about the 8th day of August, 1978, the plaintiff, Henry Weatherly, was a patient under the care of the Defendants and ... while Plaintiff was a patient under Defendants' care, Plaintiff needed assistance to go [sic] the men's restroom. Defendants failed to render assistance or improperly supplied assistance and Plaintiff was negligently allowed, or caused to fall or was struck by defendants and suffered the following injuries:
Plaintiff lost the total use of an eye and said eye was removed by an operation, Plaintiff was caused to suffer mental anxiety and to be continuedly hospitalized.
The actions of the parties during the discovery stage are crucial to a determination of the issue at hand. The sequence of events leading to the dismissal is set out below. Plaintiff filed his complaint on August 3, 1979. Defendant Baptist Medical Center, the hospital at which plaintiff was being treated when injured, initiated discovery by submitting written interrogatories to plaintiff on August 20. These interrogatories primarily sought plaintiff's version of how the injuries occurred. A few days later, plaintiff requested from defendant hospital production of its medical report and file on plaintiff and copies of any reports made by the hospital to third parties in regard to plaintiff's injuries.
Having not received a response to its interrogatories as of September 25, defendant *834 moved the court to compel plaintiff to answer pursuant to Rule 37(a), ARCP. The 30 days allowed to respond to interrogatories had passed. Rule 33(a), ARCP. On October 10, the court held a hearing on the motion. At this time, plaintiff's counsel moved for an extension of time to answer the interrogatories on the ground that plaintiff was in the care and custody of a nursing home and was presently unable to respond. The court denied the motion for extension of time and granted defendant's motion to compel, ordering plaintiff to respond within 10 days.
The defendant, still not having received answers to its interrogatories by October 23, filed a motion to dismiss plaintiff's action pursuant to Rule 37(b) (2)(C), ARCP. Plaintiff responded by filing with the court affidavits of his son, James Weatherly, and his attorney, Jerome Tucker. Tucker's affidavit asserted that defendant would not be prejudiced by the delay in answers to interrogatories since much of the information sought was contained in defendant's medical records of the plaintiff. The son's affidavit stated that the son visited with the plaintiff several times at the nursing home and had found his condition vacillating "from good to bad." The son said he had read the interrogatories to his father but the father was unable to comprehend them and respond. Apparently giving as much information as he knew concerning the injury, the son stated that his father was admitted to defendant hospital on a diagnosis of pneumonia on July 19, 1978; and that the father sustained a laceration of the eyeball on August 8, 1978, while in the care of the hospital. The son went on to say that his father had had no troubles with his eye prior to his admission to defendant hospital.
About this time, plaintiff also filed a motion to compel defendant to produce any reports it made to third parties concerning plaintiff's injuries. Upon plaintiff's earlier request for production, defendant had only supplied plaintiff's hospital chart. At this time, plaintiff also requested production from defendant of copies of all written statements procured by defendant from witnesses to the injury. Apparently, neither this request nor the motion to compel was ever acted upon.
On November 1, following an oral hearing on the matter, the trial court granted defendant's motion to dismiss based on plaintiff's failure to answer the interrogatories. Several days later, plaintiff filed a motion to reconsider, claiming that the affidavits he had filed earlier clearly indicated that he did not willfully refuse to respond, but rather, was mentally and physically unable to do so. In such circumstances, plaintiff contended, dismissal was not appropriate. On November 28, the trial court denied the motion for reconsideration, since plaintiff had yet to answer the interrogatories and plaintiff's counsel had failed to appear at the hearing on the motion.
On December 11, plaintiff's attorney filed another motion for reconsideration, claiming that he was in the courthouse when the last hearing was held, but was 15 minutes late as he was tending to some housekeeping matters of this case in the clerk's office. With this motion, plaintiff's attorney filed another affidavit of James Weatherly stating that plaintiff's condition had worsened and that repeated attempts to elicit answers to the interrogatories had been futile. The son also said that he had authorized plaintiff's attorney to file a petition to have his father declared non compos mentis. Defendant's attorney responded with an affidavit that plaintiff's attorney was 30 minutes late for the hearing. On December 17, the trial court denied this second motion for reconsideration, and from the denial, plaintiff appeals.
Under Rule 37(b)(2), ARCP, the trial judge has several sanctions at his disposal to enforce the discovery process, viz.:
(2) SANCTIONS BY COURT IN WHICH ACTION IS PENDING. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b) (6) or 31(a) to testify on behalf of a party fails to obey an order made under subdivision (a) of this rule or Rule 35, the court in which the action is *835 pending may make such orders in regard to the failure as are just, and among others, the following:
(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;
(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
(E) Where a party has failed to comply with an order under Rule 35(a) requiring him to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that he is unable to produce such person for examination.
In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
This Alabama rule of civil procedure is identical in all significant respects to its federal counterpart. Alabama adopted this federal rule subsequent to its 1970 amendment which eliminated the requirement that the failure to respond be "willful." In explanation of the amendment, the Federal
Advisory Committee Notes provide some insight into the criteria still to be considered in the application of the sanctions.
The resulting flexibility as to sanctions eliminates any need to retain the requirement that the failure to appear or respond be "willful." The concept of "willful failure" is at best subtle and difficult, and the cases do not supply a bright line. Many courts have imposed sanctions without referring to wilfulness. E. g., Milewski v. Schneider Transportation Co., 238 F.2d 397 (6th Cir. 1956); Dictograph Products, Inc. v. Kentworth Corp., 7 F.R.D. 543 (W.D.Ky.1947). In addition, in view of the possibility of light sanctions, even a negligent failure should come within Rule 37(d). If default is caused by counsel's ignorance of Federal practice, cf. Dunn v. Pa. R. R., 96 F.Supp. 597 (N.D.Ohio 1951), or by his preoccupation with another aspect of the case, cf. Maurer-Neuer, Inc. v. United Packinghouse Workers, 26 F.R.D. 139 (D.Kan[s]. 1960), dismissal of the action and default judgment are not justified, but the imposition of expenses and fees may well be. "Wilfulness" continues to play a role, along with various other factors, in the choice of sanctions. Thus, the scheme conforms to Rule 37(b) as construed by the Supreme Court in Societe Internationale v. Rogers, 357 U.S. 197, 208, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958).
Notes of Advisory Committee on Rules, 28 U.S.C.A. Rule 37, at 64, 66 (Supp.1980) (emphasis added).
As indicated by these comments, the "willfulness" of plaintiff's refusal to answer interrogatories in this case is a key criterion to the imposition of the drastic sanction of dismissal.
The requirement of "willfulness" is fully recognized by the federal case law. See cases collected in Federal Rules Digest § 37d.21 (3d ed. 1980). As this Court has noted recently, "Because the Alabama and Federal rules are virtually verbatim, `a presumption arises that cases construing the Federal Rules are authority for construction *836 of the Alabama Rules.' Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228 (Ala.1978)." Smith v. Wilcox County Board of Education, 365 So.2d 659 (Ala.1978).
In Flaks v. Koegel, 504 F.2d 702 (2d Cir. 1974), the Second Circuit rejected the argument that willful refusal to obey an order to respond to interrogatories was not a necessary prerequisite to imposing the sanction of dismissal. The court reasoned:
The 1970 amendments were intended to authorize the court, where it deemed appropriate, to impose more flexible and softer sanctions for Rule 37 violations than theretofore provided. However, there was no intent to eliminate the willfulness element when the harsh sanction of the dismissal of a complaint or the striking of an answer was ordered. This is made clear in the note of the Advisory Committee on the Rules.
504 F.2d at 708.
The court also noted that Rule 37 had constitutional limitations as set out in Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958). Justice Harlan wrote in Rogers: "[T]here are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause. The authors of Rule 37 were well aware of these constitutional considerations." 357 U.S. at 209, 78 S.Ct. at 1094. After an examination of the record in Rogers, Justice Harlan concluded:
In view of the findings in this case, the position in which petitioner stands in this litigation, and the serious constitutional questions we have noted, we think that Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner.
357 U.S. at 212, 78 S.Ct. at 1096 (footnote omitted).
The Fifth Circuit Court of Appeals has also affirmed the rationale of Rogers. In Dorsey v. Academy Moving & Storage, Inc., 423 F.2d 858 (5th Cir. 1970), the court reversed a trial court's dismissal of plaintiff's action for plaintiff's failure to comply with a discovery order. Concluding that the trial court abused its discretion, the court reasoned:
The rule is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions. The court, however, should not go beyond the necessities of the situation to foreclose the merits of controversies as punishment for general misbehavior. B. F. Goodrich Tire Co. v. Lyster, 5 Cir. 1964, 328 F.2d 411; see 4 J. Moore, Federal Practice § 37.03 (1969).
423 F.2d at 860.
Finding no willful failure to comply, the court noted that plaintiff had filed a motion for reconsideration or extension of time, had filed an affidavit explaining the difficulties she encountered in furnishing the information, and had generally made a good faith effort to comply with discovery as indicated by the record.
In Smith v. Wilcox County Board of Education, this Court had an opportunity to address an analogous situation. There we held that the trial court abused its discretion in dismissing plaintiff's action with prejudice pursuant to Rule 41(b), ARCP, for failure to prosecute the action. Relying substantially on federal case authority, this Court stated:
[S]ince dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. Brown v. Thompson, 430 F.2d 1214 (5th Cir. 1970); Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967).
Therefore, appellate courts will carefully scrutinize such orders and occasionally will find it necessary to set them aside. 9 Wright & Miller, Federal Practice & Procedure, § 2370, p. 203, n.1; see, e. g., Connolly v. Papachristid Shipping, Ltd., 504 F.2d 917 (5th Cir. 1974); Flaksa v. Little River Marine Construction Co., 389 *837 F.2d 885 (5th Cir.) cert. den. 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).
365 So.2d at 661.
After carefully scrutinizing the record in the instant case, we do not find that element of "willfulness" in plaintiff's conduct to justify the drastic sanction of dismissal. From all indications of the record, the 80-year-old plaintiff, housed in a nursing home and beset with infirmities, was physically and mentally unable to answer the interrogatories. Both the affidavit of plaintiff's attorney and those of his son testified to this; there was no contradictory evidence. According to the son's affidavit, when one interrogatory was posed to the plaintiff, the man responded, "Look at those cows."
The actions of plaintiff's attorney indicate his good faith efforts to obtain the information sought by defendant. With his client largely incapacitated, the attorney sought the assistance of plaintiff's son to elicit information from the father. Meeting with no success by this route, the attorney sought his client's hospital records for information to answer the interrogatories. This was mostly unsuccessful as well, since defendant produced only a hospital chart and claimed the work product privilege for the remainder of the documents sought. The attorney's motion to compel production of these documents was never ruled on.
Plaintiff's attorney also sought an extension of time to answer the interrogatories because of his client's condition. This was the proper step to take. See Annot., 56 A.L.R.3d 1109, 1117 (1974). Unfortunately, the trial court did not see fit to grant the extension.
Plaintiff's attorney also filed affidavits explaining his client's condition and the difficulties encountered in answering the interrogatories. The last affidavit indicated an intent to file a petition to declare the plaintiff non compos mentis.
There is no doubt that plaintiff's attorney could have handled the problem with more skill. Medical affidavits explaining plaintiff's condition would have been more convincing. A petition for non compos mentis status could have been filed, although apparently it could not have been heard in the time frame of this case.
Undoubtedly, the trial court was irritated by these efforts of plaintiff's attorney and doubly perturbed by the attorney's failure to appear at a hearing. But mere negligence and inexperience on the attorney's part do not justify the drastic sanction of dismissal. Addressing a similar situation in Kakuwa v. Sanchez, 498 F.2d 1223 (9th Cir. 1974), the Ninth Circuit Court of Appeals appropriately said:
By our foregoing recital of the plaintiff's counsel's clumsy efforts to achieve the end which these rules authorize, we wish to make plain our understanding of the exasperation undoubtedly experienced by the trial court. However, the record indicates to us that counsel for the plaintiff adequately revealed the general thrust of his wishes and the circumstances with which he was confronted. Having done so it would be inappropriate to characterize the conduct of either plaintiff's counsel or the plaintiff as contumacious or in defiance of the court's authority.
498 F.2d at 1226.
We recognize that matters dealing with the extension of time to answer interrogatories or the dismissal of an action for failure to answer interrogatories are necessarily addressed to the sound discretion of the trial court. Kay-Noojin Development Co. v. Kinzer, 259 Ala. 49, 65 So.2d 510 (1953). However, as we recently noted in Smith, supra, dismissal orders must be carefully scrutinized, and the plaintiff's conduct must mandate dismissal. Under the circumstances of this case, we find that dismissal was not justified and that the trial court abused its discretion in applying this sanction in the absence of "willful" conduct.
Defendant cites three opinions of this Court, two rendered in the early part of this century, that upheld judgments based on the failure to answer interrogatories. All were rendered before the adoption of Alabama's Rules of Civil Procedure in 1973. Additionally, each is distinguishable on its *838 face. The factual framework of such cases and the specific conduct of the parties and attorneys involved are crucial to a determination of whether the drastic sanction of dismissal is justified.
In City of Mobile v. Wooley, 278 Ala. 652, 180 So.2d 251 (1965), a default judgment was entered in a declaratory judgment action when respondent did not answer interrogatories simply on the advice of counsel. Several years later in a revival of the suit, the trial court ordered respondent to answer the interrogatories. Finding the answers to be incomplete and evasive, the trial court entered a decree pro confesso which was upheld by this Court. Unlike the instant case, counsel for respondent did not indicate his good faith by requesting an extension of time to answer and by filing affidavits explaining the delay. These are elements that weigh heavily in the choice of sanctions.
In Albert Hass Lumber Co. v. Gibson, 172 Ala. Ill, 54 So. 994 (1911), plaintiff was given an additional 90 days to answer interrogatories and was required to pay costs. Plaintiff not only failed to pay costs and answer during this generous extension, but his counsel did not even object to the dismissal of the action. This plaintiff was not even interested in his own cause of action.
And finally, a decree pro confesso was upheld in Kimball v. Cunningham Hardware Co., 197 Ala. 631, 73 So. 323 (1916), only after this Court thoroughly analyzed the merits of the case and concluded that petitioner would have won on the merits anyway. This Court also noted that one of the respondents would not be affected by the decree since he had resigned as administrator and no longer had an interest in the case. Considering the youth of the instant case when it was dismissed, we have no way of knowing whether plaintiff may have succeeded on the merits of his suit.
Although the sanction of dismissal was inappropriate under the circumstances of this case, other sanctions found in Rule 37(b)(2), ARCP, should be considered by the trial court on the remand of this case, consistent with the factual situation here involved.
REVERSED AND REMANDED.
JONES, SHORES and BEATTY, JJ., concur.
TORBERT, C. J., and ALMON and EMBRY, JJ., dissent.
MADDOX and FAULKNER, JJ., recuse themselves.
EMBRY, Justice (dissenting):
Respectfully, I am compelled to dissent. From the record, I am not able to conclude that the trial court, in any respect, abused its discretion in applying the sanction of dismissal of this action on the basis upon which it acted.
TORBERT, C. J., and ALMON, J., concur.