This dismissal of a lawsuit for want of prosecution is a drastic sanction. In Weatherly v. Baptist Medical Center,392 So.2d 832 (Ala. 1981), we reversed the Circuit Court of Montgomery County in its dismissal of a malpractice suit because the plaintiff had failed to answer interrogatories. In that case we said:
 The actions of plaintiff's attorney indicate his good faith efforts to obtain the information sought by defendant. With his client largely incapacitated, the attorney sought the assistance of plaintiff's son to elicit information from the father. Meeting with no success by this route, the attorney sought his client's hospital records for information to answer the interrogatories. This was mostly unsuccessful as well, since defendant produced only a hospital chart and claimed the work product privilege for the remainder of the documents sought. The attorney's motion to compel production of these documents was never ruled on.
 Plaintiff's attorney also sought an extension of time to answer the interrogatories because of his client's condition. This was the proper step to take. See Anno., 56 A.L.R.3d 1109, 1117 (1974). Unfortunately, the trial court did not see fit to grant the extension.
The plaintiff in Weatherly did not willfully refuse to respond to defendant's interrogatories. In the instant case, there was a willful refusal to comply with court orders. The trial court, after numerous delays in discovery and trial, had set a final trial date. Plaintiffs' attorney had been warned that no further continuances would be granted. Plaintiffs' expert witness was not available on the day of the trial and counsel for plaintiffs refused to proceed with the trial, absent the expert witness.
Furthermore, in the Weatherly case plaintiffs' suit was dismissed while it was still in the discovery stage and within approximately three months from the date it was filed. Plaintiffs in the instant case had been in court for approximately three years. This, coupled with the willful refusal to litigate on the part of the plaintiffs, justified the drastic sanction of dismissal in this case. *Page 222