Jacquelyn HARRIS, Plaintiff— Appellant,

and

State Compensation Insurance Fund, Claimant,

v.

UNITED STATES of America, Defendant—Appellee.

No. 03–56639.

D.C. No. CV–01–09688–MMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2005.

Decided May 25, 2005.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before WARDLAW and PAEZ, Circuit Judges, and BEISTLINE,* District Judge.

## MEMORANDUM**

In this Federal Tort Claims Act case, plaintiff Jacquelyn Harris challenges the district court's order precluding her expert witness from testifying because she did not disclose the expert's designation and re-

---

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

port until eight days before trial. We review a district court's decision to exclude expert testimony or otherwise impose sanctions under Federal Rule of Civil Procedure 37 for abuse of discretion. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009–10 (9th Cir.2004). Because the district court did not abuse its discretion, we affirm.

Under Federal Rule of Civil Procedure 26(a)(2), parties must disclose the identity of any expert witnesses, as well as the expert's report, at least 90 days before trial. Rule 37 establishes an enforcement mechanism to encourage compliance with Rule 26(a)(2), precluding use at trial of any information that was not properly disclosed unless the failure to do so was substantially justified or harmless to the other party. The district courts have wide latitude in imposing sanctions under Rule 37(c)(1). *See* Fed.R.Civ.P. Advisory Committee's Note (1993); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir.2001).

Harris first argues that this court should adopt a factors test to ease a potential conflict between Rule 37 sanctions and the Due Process Clause. Harris does not provide any direct authority that would mandate adoption of a factors test. Instead, Harris suggests that the court adopt a test as a prudential matter.

Harris points to *Kakuwa v. Sanchez*, 498 F.2d 1223 (9th Cir.1974), which states that Rule 37 "must be read as limited by the Fifth Amendment's proscription against the deprivation of property without due process of law." 498 F.2d at 1226. In light of the potentially harsh sanctions available under Rule 37(c)(1), Harris ar-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

gues that a clear, easily applicable factors test would help courts reduce the risk of due process violations by promoting uniformity and ease of application by district courts

Harris, however, has not explained how Rule 37 and the Due Process Clause conflict with each other. The text of the rule includes a test: whether either of the two exceptions, "substantial justification" and "harmlessness," excuse compliance. These exceptions are not difficult for courts to apply and review. We therefore decline to adopt a "factors test."

Harris next argues that there was substantial justification for the late disclosure because "her trial counsel failed her." An important purpose of discovery sanctions, however, is to encourage counsel to comply with the rules. Because the only justification that Harris advanced was her counsel's failure to abide by the deadlines imposed by Rule 26(a)(b), the district court did not abuse its discretion in finding no "substantial justification" for departing from Rule 37(c)(1)'s exclusion sanction.

Harris's harmlessness arguments are unavailing as well. The disclosure requirements under Rule 26 exist so that each party has time before trial to depose the other party's experts. The opportunity to review the opposing party's expert witness's report does not satisfy a party's right to depose that expert. In *Yeti by Molly*, the plaintiff received the defendant's expert's report "one month before they were to litigate a complex case." 259 F.3d 1101. We held that exclusion of the expert's testimony was not an abuse of discretion. Here, Harris disclosed her expert's report and identified the expert as a witness just eight days before trial. This left the government with insufficient time to depose the witness or otherwise prepare to cross-examine him at trial. For these reasons, the district court did not abuse its discretion in finding that the failure to disclose the report as required by Rule 26 was not harmless.

Finally, Harris argues that the district court erred in finding that she was only temporarily disabled. We review district court determinations of fact for clear error. *Chevron USA, Inc. v. Bronster*, 363 F.3d 846, 855 (9th Cir.2004). Harris argues that the district court arrived at its erroneous conclusion by relying too heavily on the report of Dr. Paul to the exclusion of other doctors' reports.

The district court's finding, however, was based in large part upon a determination of Harris's credibility. We are particularly deferential to a trial court's credibility determinations. *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). The district court's factual determination is supported by the record, particularly given that Harris's credibility was also questioned by several of her doctors. Thus the district court did not clearly err in finding that Harris was only temporarily disabled.

AFFIRMED.