180 So.2d 251

**CITY OF MOBILE**

v.

**Floyd WOOLEY et al.**

I Div. 292.

Supreme Court of Alabama.

Nov. 18, 1965.

Robt. A. Beckerle, Mobile, for appellant.

Jack C. Gallalee, Caffey, Gallalee, Edington & Loveless, Mobile, for appellees.

MERRILL, Justice.

This is an appeal from a final decree in which the equity court held invalid certain ordinances of the City of Mobile, appellant, as they applied to complainants (appellees), and ordered that the complainants recover of appellant certain amounts based upon the license taxes paid under the ordinances.

Appellees operated business establishments on the Mobile Causeway in Baldwin County. They were outside the city limits, but were within the city's police jurisdiction.

The appellees filed their bill of complaint seeking a declaratory judgment on the validity of the license taxes they were paying, an injunction against the future collection of the taxes, and an accounting and refund of the taxes collected by Mobile under the ordinances. These specific prayers for relief were accompanied by a general prayer also.

All of the argued assignments of error are concerned with preliminary or procedural matters and the merits are not directly contested.

The first assignment of error is that the trial court erred in overruling the demurrer to the bill and each aspect thereof. The trial court merely overruled the demurrer to the bill of complaint. This is a general decree and such a decree constitutes only a ruling on the demurrer addressed to the bill as a whole. Pak-A-Sak of Alabama, Inc. v. Lauten, 271 Ala. 276, 123 So.2d 122; Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749.

█ The main purpose of the bill was to secure a declaratory judgment on the constitutionality of the ordinances. Subject to exceptions not here applicable, the rule is that where the bill for declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. City of Mobile v. Jax Distributing Co., 267 Ala. 289, 101 So.2d 295; East Gadsden Bank v. Bagwell, 273 Ala. 441, 143 So.2d 438; Moore v. City of Fairhope, 275 Ala. 506, 156 So.2d 366.

█ Here, a bona fide justiciable controversy was raised by the allegations of the bill and the demurrer was properly overruled. Authorities supra.

█ The other argued assignments charge error in connection with the issuing of the decree pro confesso or the refusal of the court to set it aside. A condensed statement of facts reveals that the bill was filed in 1955 and interrogatories were also filed. Interrogatories Nos. 36, 37 and 43 sought information as to what the cost of police protection for this territory was to the city. Those questions were proper under the decision in Hawkins v. City of Prichard, 249 Ala. 234, 30 So.2d 659, where we held that a city cannot tax for revenue in its police jurisdiction.

Appellees filed a motion to require appellant to answer the interrogatories and the court ordered appellant to answer within twenty days from June 20, 1955. Appellant answered on August 22 (late) that on advice of counsel, it declined to answer. After a hearing, a default judgment was entered, conditioned that it would not take effect for twenty days if appellant answered. A demurrer to the bill was filed and later submitted for decree on April 9, 1956.

According to the record, no other action was taken until 1964, and in November, 1964, the demurrer was overruled. In December, appellant filed its answer denying that taxes were then being collected; but admitting that they had been collected from September, 1954, to March, 1956.

On December 14, 1964, the appellees filed a motion for a final decree because of appellant's failure to answer the interrogatories. Noting that a similar order requiring answer had been made in 1955, the trial judge ordered that the respondent file answers to the unanswered interrogatories by 11:00 A. M. on December 16, 1964.

The record indicates that the answers were filed at 11:37 A. M. on the date ordered. The judge, after a hearing on the appellees' motion for a decree pro confesso, ruled that the answers that were filed were incomplete, evasive, and did not fully answer the interrogatories, and the allegations of the complaint were taken as confessed. The appellant moved to set aside the decree pro confesso and, as a ground, asserted a desire to answer. This was denied.

On the 17th of December, appellees introduced testimony from the office of the clerk, charged with the collection of the taxes, as to the amounts that had been collected from the appellees. The ordinances under which the taxes were collected were also presented to the court. Appellant did not contest this evidence.

A final decree was entered on December 17, 1964, granting money judgments to the complainants and declaring the ordinances, as applied to these appellees, were invalid and void. A motion for rehearing was filed and the appellees' motion to strike the same was granted.

█ The thrust of appellant's argument is that the trial court's finding that the answers to the interrogatories were incomplete and evasive was an abuse of discretion and constituted error. We cannot agree with this contention.

Appellant had at least four distinct and different opportunities to answer questions

36, 37 and 43, and failed to comply with three different specific orders of the court to answer or be held in default. The answers to questions 37 and 43 were dependent in part on the answer to question 36. And on October 21, 1955, appellant's sworn answer to question 36 reads:

> "Respondent is unable to answer this interrogatory at this time. The figures which would enable the Respondent to answer this interrogatory were accumulated and it was only recently discovered that there was a mistake in said figures. The figures are being retabulated and checked for accuracy and Respondent will file an answer to this interrogatory as soon as possible."

(It is only fair to note that counsel who made this answer does not now represent appellant on this appeal.)

But in all the intervening time, there has not been any answer filed which could not be considered "incomplete and evasive."

Whether answers to interrogatories are sufficiently full is a matter of discretion with the trial court, and it is the general rule that matters resting in the sound discretion of the court will not be disturbed on appeal unless there is a clear abuse of discretion. Colquett v. Williams, 264 Ala. 214, 86 So.2d 381, and cases there cited.

The trial court's action in granting relief to appellees after appellant's failure to answer interrogatories is supported by our cases of Kimball v. Cunningham Hardware Co., 197 Ala. 631, 73 So. 323, and Rosenau v. Powell, 173 Ala. 123, 55 So. 789, and Equity Rule 39(b) which provides that upon the failure of the defendant to answer plaintiff's interrogatories, the court may "render a decree granting appropriate relief to the plaintiff against such defendant."

Appellant also argues that the rendering of the decree pro confesso for failure to answer the interrogatories was a denial of due process under the Constitution of the United States. We cannot agree. Such a contention was answered in Hammond Packing Co. v. Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530, where the court said, in part:

> "As the power to strike an answer out and enter a default, conferred by § 9 of the act of 1905, which is before us, is clearly referable to the undoubted right of the lawmaking authority to create a presumption in respect to the want of foundation of an asserted defense against a defendant who suppresses or fails to produce evidence when legally called upon to give or produce, our opinion is that the contention that the section was repugnant to the Constitution of the United States is without foundation. * * *"

See Annotation 144 A.L.R. 372.

And in our case of Albert Hass Lumber Co. v. Gibson, 172 Ala. 111, 54 So. 994, in discussing Sec. 4055, Code 1907, a predecessor of Equity Rule 39(b), the court said:

> "The order being authorized and reasonable, the court had the inherent power, at the next term, to dismiss for a noncompliance with the said order. Courts would indeed be helpless if they had no power to compel obedience to reasonable and authorized orders, and the wheels of justice would be clogged if suitors were permitted to defy orders and revel in defaults and contempt. * * *"

The cases cited by appellant from other jurisdictions are clearly distinguishable from the holding in the instant case and require no specific discussion.

No reversible error has been presented.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.