This appeal is from a judgment of the Jefferson County Circuit Court, confirming the report of a Special Master, which recommended that Williamson pay the Williamson-Johns Company (Company) $3,126 and that Johns pay the Company $8,609.75, even though the pleadings did not request such relief for the Company, and awarding the Special Master $3,500. We affirm.
Johns and Williamson are each 50% stockholders in the Company. Johns filed suit against Williamson and the Company, seeking enforcement of a "buy-sell" agreement and requesting an accounting, production of the books and records of the Company, monetary judgment, and that Williamson be enjoined from misuse of corporate funds and from interfering with the operation of the business. Williamson and the Company filed an independent suit, which was treated as a counterclaim, requesting an accounting, monetary judgment, and that Johns be required to return all improperly withdrawn funds.
After a hearing ore tenus, the trial court determined that there was no valid contract between Johns and Williamson, as individuals, touching their individual rights and liabilities one to another and to the corporate structure, and that the matter could be resolved only by an accounting. The court referred the case to a Special Master. The Special Master's Report found wrong-doing on the part of both Willimson and Johns and recommended that a $3,126 judgment be entered against Williamson in favor of the Company; that a $8,609.75 judgment be entered against Johns in favor of the Company; that Johns and Williamson each be *Page 707 
taxed half the costs; and that the Special Master be awarded a $3,500 fee, to be taxed as costs. Johns and Williamson filed objections to the Report. Motion for reconsideration was denied.
First, Williamson contends that the judgment in favor of the Company is error because the pleadings did not request that relief. We do not agree.
ARCP 54 (c) states that "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."
 "Because of the second sentence of Rule 54 (c), the demand for judgment required by Rule 8 (a)(3) loses much of its significance once a case is at issue. If defendant has appeared and begun his defense of the action, adherence to the particular legal theories of counsel that may have been suggested by the pleadings is subordinated to the court's duty to grant the relief to which the prevailing party is entitled, whether it has been demanded or not." 10 Wright 
Miller, Federal Practice and Procedure, § 2664, p. 104-05.
Here, the Company was a named party to the suit. There is no attack on the sufficiency of the evidence to support the relief, and there is no showing that Williamson was prejudiced in his defense. Therefore, the award of judgments in favor of the Company was proper.
Second, the award of the Special Master's fee is said to be an abuse of discretion of the trial court, and both appellants, and appellee, join in urging this court to reduce the amount of the Special Master's fee. They submitted counsels' affidavits concerning the amount of time expended on the case by their counsel. Mr. Ogle, representing appellants, spent a total 53.8 hours on the case, 30.4 of which were prior to the Special Master's participation, and billed at $50 per hour. Mr. Costello, representing Johns, charged an average of $48 per hour for the 70 hours and 50 minutes spent on the case, 31.25 of which were prior to the Special Master's appointment. On these facts they urge us to reduce the Special Master's fee of $3,500.
ARCP 53 (a), in providing for the appointment of special masters, states that "The compensation to be allowed to a master shall be fixed by the court, and shall be charged upon such of the parties or paid out of any fund or subject matter of the action, which is in the custody and control of the court as the court may direct."
Matters resting in the sound discretion of the trial court will not be disturbed on appeal unless there is a clear abuse of discretion. City of Mobile v. Wooley, 278 Ala. 652,180 So.2d 251 (1965). In his amended report, the Special Master stated that he had worked 95.5 hours on the case. In this accounting between the parties, 32 exhibits were received by the Special Master. After five hearings, an eighteen page report was submitted to the court. The trial court confirmed the requested fee and denied the motion to reconsider, grounded in part upon the allegedly excessive fee award.
A lawyer's time is his stock in trade. The amount of the award is less than $40 per hour. It does not appear that $3,500 is excessive. We find no abuse of discretion by the trial court.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur. *Page 708