Petitioners, Guerdon Industries, Inc., and Diversified Financial Corporation, petition this court to issue an original writ of mandamus requiring the Honorable G.H. Wright, Jr., Judge of the Court of Lee County, to order the Lee County Juvenile Court, the Lee County Department of Pensions and Security, the Opelika Police Department, and the East Alabama Comprehensive Mental Health Center, to furnish to petitioners all files and records pertaining to a juvenile investigation and proceeding concerning a minor child (we omit the name), and to answer all questions regarding the investigation of that minor. We deny the petition.
Petitioners are the manufacturer-distributor and retail vendor, respectively, of a mobile home which caught fire and burned. As a result, plaintiffs, Mrs. Betty Marshall, et al., filed seven suits against petitioners claiming almost five million dollars in damages for wrongful deaths and personal injuries. The issue is whether the trial judge abused his discretion by refusing to allow petitioners to obtain through discovery, records and information concerning a juvenile proceeding and investigation of a minor child who was in the mobile home when it burned. At the time of the fire in question the minor was 14 years of age. The minor is not a party to any of the lawsuits in question, and no claim or suit has been filed against the minor by either of petitioners. The trial judge was given no indication from any party that the minor will be called as a witness in the trial of any of the cases.
We find the trial judge did not abuse his discretion by issuing a protective order denying petitioners access to the records and information concerning the juvenile proceeding and investigation of the minor.
Diversified Financial Corporation filed a request for asubpoena duces tecum calling for the Director of the East Alabama Mental Health and Retardation Center to produce certain documents. The respondents, other than respondent judge, and the minor filed a motion for a protective order. Thereupon, the trial judge directed the subpoena should not issue until the court ruled on the motion.
Guerdon Industries requested the clerk of the Circuit Court of Lee County to issue subpoenas duces tecum to Gene Jones, the juvenile court officer, Debra Foster, an employee of the Pensions and Security Department, Captain Clifton Waller of the Opelika Police Department, and others involved in the juvenile court investigation of the minor, commanding these persons to appear at a deposition and to bring with them their records regarding the minor. The respondents, other than respondent judge, and the minor filed another motion for a protective order with respect to these depositions, and the trial judge ordered that the depositions not be taken until a ruling was made on the motions for protective orders.
A hearing was held to consider all the above mentioned motions. At that hearing, all the parties agreed in open court that the trial judge take the following actions: (1) make an incamera inspection and examination *Page 324 
of the records of the Juvenile Court of Lee County with respect to the minor; (2) make an investigation of the proceedings conducted in the juvenile court concerning the minor; and (3) discuss such proceedings with Gene Jones, the juvenile officer, to determine the nature of the proceedings, the date the proceedings began, and the status of the minor in the proceedings. The trial judge thereupon took the actions which it was agreed that he take.
After those actions were completed the trial court entered an order prohibiting petitioners from discovering the contents of files and records of the juvenile court and any information developed as a result of the juvenile court proceedings. At the request of petitioner, Guerdon Industries, the protective order was later amended to make sure discovery was allowed of information that was not a direct or indirect result of the juvenile court proceeding.
The depositions of Gene Jones, Debra Foster, Captain Clifton Waller, and others were then taken by petitioners. Pursuant to the protective order, Gene Jones and Debra Foster refused to reveal the substance of any of their discussions with anyone pertaining to the minor's case and refused to deliver their files to attorneys for petitioners. Captain Waller was asked to state the substance of the discussions he had with some of respondents and the minor prior to referring them to the Lee County Juvenile Court. The trial judge ruled that the contents of those discussions were not subject to discovery. The petition for writ of mandamus was then filed here. It asks this court to direct Judge Wright to order the Lee County Juvenile Court, the Lee County Department of Pensions and Security, the Opelika Police Department, and the East Alabama Comprehensive Mental Health Center, to furnish petitioners all files and records pertaining to the minor and to answer questions regarding the investigation of that minor.
Petitioners claim that they have received information indicating the minor was suspected of setting fire to the mobile home. Consequently, petitioners contend they need to obtain all information concerning the subsequent juvenile proceeding concerning the minor. They imply that information obtained in the juvenile proceeding and investigation would prove the minor started the fire and thus be relevant to their defense of the products liability actions filed against them concerning the mobile home. Respondents contend that all information and records concerning the juvenile court proceeding and investigation are statutorily immune, and privileged, from disclosure by discovery in a separate civil action in which the juvenile is not a party and in which the juvenile has no interest. We do not find it necessary in this case to decide whether or not information or records involved in a juvenile court proceeding or investigation are always immune from disclosure by discovery in a separate civil action where the juvenile in question is not a party. In this case it is clear the trial judge was well within his discretion to deny disclosure of the information and records to petitioners.
The trial court has broad power to control and limit discovery. The ultimate question relating to limitations placed on discovery is whether the trial court abused that broad discretion. Campbell v. Regal Typewriter Co., Inc.,341 So.2d 120 (Ala. 1976). It is the court's job under such rules as ARCP 26 (c) and 30 (d) to exercise its broad discretion in a manner that will implement the philosophy of full disclosure of relevant information and at the same time afford a party, or others, maximum protection against harmful side effects which would result from unnecessary disclosure. See Moore's Federal Practice, ¶ 26.67 (26-487).
This court will not disturb matters resting in the sound discretion of the trial court unless there is a clear abuse of that discretion. Williamson-Johnson Co. v. Johns, 355 So.2d 706
(Ala. 1978). In this case there is no evidence of any abuse of discretion. The record discloses the trial judge went to great lengths to determine whether or not the information in question would aid the petitioners in preparing their defense. The judge deemed such previewing *Page 325 
precautions necessary to the confidential nature of juvenile court records, procedures, and investigations. See Code 1975, § 12-15-100 and 12-15-101. He found that such information was not necessary to the petitioners' case and issued a protective order. He was in a better position to best determine how to safeguard the rights of the minor child to confidentiality while at the same time ensuring that petitioners' right to discovery under the rules of civil procedure was not substantially impaired. We will not substitute our judgment, based on less information, for that of the trial judge who examined the records and information in question.
For the stated reasons, we deny the petition for writ of mandamus.
PETITION FOR WRIT OF MANDAMUS DENIED.
TORBERT, C.J., and FAULKNER, JONES and ALMON, JJ., concur.