401 So.2d 749 (1981)
Ex parte ALLSTATE INSURANCE COMPANY.
In re Douglas R. GOULET
v.
ALLSTATE INSURANCE COMPANY.
80-148.
Supreme Court of Alabama.
July 10, 1981.
*750 Fred W. Killion, Jr., and Patricia K. Olney of Reams, Wood, Vollmer, Philips, Killion & Brooks, Mobile, for petitioner.
Robert L. Byrd, Jr., and Robert T. Cunningham, Jr., of Cunningham, Bounds, Byrd, Yance & Crowder, Mobile, for respondent.
TORBERT, Chief Justice.
Plaintiff, Douglas Goulet, insured by Allstate, was seriously injured in an automobile accident with an uninsured motorist on May 12, 1979. Allstate investigated the accident and found it to be a case of liability on the uninsured motorist. A draft for $11,000, the supposed policy limit, was delivered to Goulet's attorney after it was confirmed that his medical expenses exceeded that amount.
Subsequently, Goulet discovered that since there were two cars covered by the same policy, he was entitled to an additional $10,000 in uninsured motorist coverage. In an effort to obtain the additional sum from Allstate, his attorney sent two letters to the Company. Receiving no response to either letter, Goulet filed suit on December 6, 1979, for the additional amount due him and for punitive damages for misrepresentation. After suit was filed, Allstate made an offer of judgment for the additional $10,000 plus $2,500 in court costs and attorney's fees, the expenses entailed by Goulet in obtaining the $10,000.
Goulet refused the offer of judgment, and on May 5, 1980, served the following interrogatory on Allstate:
State the names and present addresses of all persons which fall within the following definition:
Persons who, within the past two years, were paid $10,000 in uninsured motorists benefits pursuant to a policy with your company and who, at the time of said payment, had more than one vehicle listed on the policy which fell within the meaning of the statement on your declarations sheet: "The following coverages and limits applied to each described vehicle as shown below:" (This question does not seek the names and addresses of any persons who were represented by counsel at the time of payment of the $10,000 nor does it seek the names and addresses of any persons who were paid $10,000 as a result of litigation, nor does this definition seek the names and addresses of any persons who resided outside the state of Alabama at the time of said payment).
On June 12, Allstate having failed to answer the interrogatory, Goulet filed a motion to compel. This motion was granted. Allstate then filed a motion for extension of time, which was also granted.
Ultimately, Allstate responded to Goulet's interrogatory by objecting to it on the grounds that: (1) it was irrelevant and could not possibly lead to the discovery of admissible evidence; (2) it was overly *751 broad, oppressive, unduly burdensome, extremely expensive, and an abuse of discovery; and (3) to release the information to plaintiff's counsel would violate the privacy interests of Allstate's insureds without their consent. Goulet then filed a motion to compel discovery. In the course of the hearing on Goulet's motion, Allstate offered evidence that answering the interrogatory would require the development of a computer program, the cost of which would exceed $1,000, and an extensive manual search of Allstate's files, since the computer did not possess enough information to narrow the list of insureds to only those who possess the qualifications set out in Goulet's interrogatory. Allstate argued further that since the duty owed to insureds represented by counsel is quite different from that owed to those not so represented, and since Goulet was represented by counsel, the names and addresses of insureds not represented by counsel could have no relevance to Goulet's case. Judge Braxton Kittrell granted the motion and ordered Allstate to answer the interrogatory, and Allstate filed a motion to reconsider, which was denied. Allstate then brought a petition for mandamus to review Judge Kittrell's order denying its motion for reconsideration, alleging that he abused his discretion.
Mandamus is a proper means of review to determine whether a trial judge has abused his discretion in ordering discovery. See, Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228 (Ala.1978). However, matters resting in the sound discretion of the trial court will not be disturbed on appeal unless there has been a clear abuse of discretion. Williamson-Johns Co. v. Johns, 355 So.2d 706 (Ala.1978); City of Mobile v. Wooley, 278 Ala. 652, 180 So.2d 251 (1965); Colquett v. Williams, 264 Ala. 214, 86 So.2d 381 (1956). We cannot say from the evidence presented that there was such a clear abuse of discretion by the trial judge in the case before us. Under Rule 26 of the Alabama Rules of Civil Procedure, parties are entitled to discover "any matter, not privileged, which is relevant to the subject matter involved in the pending action." ARCP 26(b)(1). Furthermore, the Rule provides that "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id. Evidence of similar misrepresentations made to others by the defendant is admissible in a fraud action. Cartwright v. Braley, 218 Ala. 49, 117 So. 477 (1928). Therefore, the information sought, the identity of others who had been paid $10,000 although their policy listed more than one vehicle, could very easily lead to admissible evidence. In the case before us, the trial court determined the interrogatory was proper. "The broad scope given our discovery rules necessarily requires that the trial court be vested with considerable discretion in ruling on such matters." Drewes v. Bank of Wadley, 350 So.2d 402, 404 (Ala.1977). Also see, Ex Parte Guerdon Industries, Inc., 373 So.2d 322 (Ala.1979); Campbell v. Regal Typewriter Co., 341 So.2d 120 (Ala.1976). Since we find no abuse of discretion, the petition for writ of mandamus is due to be denied.
PETITION DENIED.
FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.