Durwood L. Holt filed a complaint on October 22, 1982, against State Farm Mutual Automobile Insurance Company, seeking damages for alleged fraud and bad faith arising out of a claim for uninsured motorist benefits by Holt, a State Farm insured.
The complaint alleged that the insured was severely injured in an automobile accident with an uninsured motorist in December of 1972; that at the time of the collision he was insured under two policies of insurance issued by State Farm, both providing uninsured motorist benefits and medical payments coverage; that his medical expenses alone were in excess of $6,000; that State Farm represented to the plaintiff that the total coverage provided to the plaintiff under all coverages was $10,000; and that the alleged fraud was not discovered until 1982. The complaint was later amended to include a claim that the actions by State Farm in retaining invalid provisions in its policies restricting coverage in the uninsured motorist provisions of its policies, without amending those provisions or otherwise notifying its insureds that additional coverage was available, constituted a fraudulent scheme, plan, or device to defraud its policyholders, not only in Alabama, but in many states of the United States.
The plaintiff served the following interrogatory on State Farm, which is the subject of this petition for mandamus:
 "Please set forth the name and address of each State Farm automobile liability insurance policy holder who has had since January 1971 to the present (a) two or more such policies providing uninsured motorist coverage and (b) been involved in a motor vehicle accident with an uninsured motorist and (c) been paid by you to such policy holder or to any other person or entity on such policy holder's behalf the total sum of $10,000.00 in full settlement of any claim which such policy holder had for uninsured motorist benefits."
State Farm filed its objections to answering this interrogatory on the ground that it "is burdensome, oppressive, overly broad, not relevant to the issues in this case, [and] encompasses a time limit which is unreasonable and seeks information which is not discoverable under Rule 26 of the Alabama Rules of Civil Procedure."
The plaintiff subsequently filed a subpoena duces tecum which contained a list of 37 states in which a state appellate court had allegedly invalidated one or more of the anti-stacking provisions prevalent in the uninsured motorist coverage in the insurance industry. The court held a hearing on the plaintiff's motion to compel and State Farm's objection to the interrogatory set out above.
After requiring briefs and hearing the arguments of the parties, the court overruled State Farm's objections to the discovery sought. State Farm then brought this petition for writ of mandamus to review the trial court's order requiring it to produce the information. *Page 863 
This Court held in Ex parte Allstate Insurance Co.,401 So.2d 749 (Ala. 1981), that the identical information as here sought was discoverable under A.R.Civ.P., Rule 26, and that the trial court did not abuse its discretion in ordering the information produced. The Court said, speaking through Chief Justice Torbert:
 "Mandamus is a proper means of review to determine whether a trial judge has abused his discretion in ordering discovery. See, Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228 (Ala. 1978). However, matters resting in the sound discretion of the trial court will not be disturbed on appeal unless there has been a clear abuse of discretion. Williamson-Johns Co. v. Johns, 355 So.2d 706 (Ala. 1978); City of Mobile v. Wooley, 278 Ala. 652, 180 So.2d 251 (1965); Colquett v. Williams, 264 Ala. 214, 86 So.2d 381 (1956). We cannot say from the evidence presented that there was such a clear abuse of discretion by the trial judge in the case before us. Under Rule 26 of the Alabama Rules of Civil Procedure, parties are entitled to discover `any matter, not privileged, which is relevant to the subject matter involved in the pending action.' ARCP 26 (b)(1). Furthermore, the Rule provides that `[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.' Id. Evidence of similar misrepresentations made to others by the defendant is admissible in a fraud action. Cartwright v. Braly, 218 Ala. 49, 117 So. 477 (1928). Therefore, the information sought, the identity of others who had been paid $10,000 although their policy listed more than one vehicle, could very easily lead to admissible evidence. In the case before us, the trial court determined the interrogatory was proper. `The broad scope given our discovery rules necessarily requires that the trial court be vested with considerable discretion in ruling on such matters.' Drewes v. Bank of Wadley, 350 So.2d 402, 404 (Ala. 1977). Also see, Ex Parte Guerdon Industries, Inc., 373 So.2d 322 (Ala. 1979); Campbell v. Regal Typewriter Co., 341 So.2d 120 (Ala. 1976). Since we find no abuse of discretion, the petition for writ of mandamus is due to be denied."
401 So.2d at 751.
The only difference between Allstate, supra, and this case is that the information sought in Allstate was limited to persons who resided in Alabama at the time of payment and to claims paid within the past two years. Thus, the only issue before us is whether the scope of discovery permitted by the trial court is so broad as to amount to an abuse of discretion.
The plaintiff/insured has charged State Farm with fraud and having engaged in a plan or scheme to defraud its policyholders by retaining a clause in its policies and withholding from its insureds the fact that that clause, limiting its liability to one uninsured motorist coverage, has been invalid in Alabama since 1970, by the holding of Safeco Ins. Co. of America v.Jones, 286 Ala. 606, 243 So.2d 736 (1970). Evidence of similar fraudulent acts are, of course, admissible to prove the alleged fraudulent scheme. Cartwright v. Braly, 218 Ala. 49,117 So. 477 (1928). Thus, it would appear that the time period over which the discovery is sought is not unreasonable, since the plaintiff's claim was made in 1972. We hold that the trial court did not abuse its discretion in this regard. See alsoNational States Ins. Co. v. Jones, 393 So.2d 1361 (Ala. 1980), where the time for which records were sought covered a period of five years.
State Farm also argues that the geographical scope of the interrogatory demonstrates an abuse of discretion by the trial court. We agree that at this juncture, such is the case. No class action claim has been asserted by the plaintiff, and it would appear that if State Farm has engaged in the fraudulent scheme which the plaintiff sets out in his complaint, the records relating to *Page 864 
Alabama policyholders over the years since 1971 should establish that fact.
We are unimpressed, as was the trial judge, with State Farm's argument that its records may not identify all persons who had two or more policies because the policies may have been issued with the name of the policyholder stated differently. As the insured observed, this will simply mean that fewer than the actual number of policyholders will be produced. We are equally unimpressed with the argument that not all records are available. The trial court's order should not be construed to compel the production of records which do not exist. State Farm is required to produce only what its records contain.
The petition for writ of mandamus is granted as to the production of the names of policyholders outside the State of Alabama. It is otherwise denied.
WRIT GRANTED IN PART; DENIED IN PART.
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., not sitting.