## STATE OF FLORIDA v. FLYTHE

### Case No. 84-960 CF

Seventeenth Judicial Circuit, Broward County

August 29, 1985

### APPEARANCES OF COUNSEL

**D. Bogenschutz** for defendant.
**Ronald D'Anna** for plaintiff.

### OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

On February 6, 1984, Assistant State Attorney Jeffrey Driscoll made oath before Linda B. Nagele, in her capacity as Acting Deputy Clerk of the Circuit Court of the Seventeenth Judicial Circuit, that the accused herein had committed certain crimes for which he was then to be prosecuted. The oath was made by Mr. Driscoll before Ms. Nagele for the purpose of executing an Information to be filed in the office of the Clerk of Court. At the time she administered the oath to Mr.

Driscoll, Ms. Nagele was a secretary in the Office of the State Attorney of the Seventeenth Judicial Circuit. It is the contention of defense counsel that Ms. Nagele's functioning as both a secretary in the office of the State Attorney and an Acting Deputy Clerk of the Circuit Court of the Seventeenth Judicial Circuit constitutes a violation of Article II, Section 5(a) of the Florida Constitution, thereby mandating the dismissal of the Information filed in this cause and pursuant to which this case proceeds.

This Court has often publicly stated that it is necessary for trial counsel to constantly seek new methods of resolving old problems; it appears as though such statement has been taken a bit too literally in the instant case.

In response to the Motion to Dismiss filed by the accused, Assistant State Attorney Ronald D'Anna has astutely pointed out that a deputy clerk of the court is not an officer as contemplated within the dual office prohibition of Article II, Section 5(a) of the Florida Constitution although such party acts and in the name of, the Clerk of the Court who is, in fact, an officer within the stated prohibition. *State ex rel. Melson v. Peeler*, 146 So. 188 (Fla. 1933). It is important to note that the *Melson* court addressed itself to the proposition that an accusatory pleading in a criminal case was a nullity because the oath was administered by a deputy clerk of the Criminal Court, a person not authorized by law to administer the subject oath; in its rejection of such contention, the Florida Supreme Court said:

"The deputy is not an officer, but acts for and in the name of the Clerk who is an officer. The jurat is not sufficient or illegal."

See also, *State v. Hickman*, 180 So.2d 254, 261 (Fla. 2d DCA 1966).

Although the Court does not agree with the contention of counsel for the accused that the accusatory pleading here under review is subject to dismissal, the Court is of the opinion that it would be a better practice for one other than a secretary employed by the prosecuting attorney's office to be the party charged with the responsibility of administering the necessary oath to the Assistant State Attorney who executes an Information.

With compliments from the Court to Defense Counsel David Bogenschutz and Assistant State Attorney Ronald D'Anna for a job well done in the presentation of an unusual point of law to the Court, the Motion to Dismiss must be, and the same hereby is, DENIED.