SHORES, Justice.
This is an appeal from a judgment for the plaintiff in an action for fraudulent misrepresentation. At trial, the plaintiff, Climate Masters & Electrical Company, Inc. (hereinafter “Climate Masters”), presented evidence that an agent of the defendant, Farmers & Merchants Bank (hereinafter the “Bank”) had wilfully misrepresented a material fact that was to occur in the future, and that plaintiff had relied on this misrepresentation and was harmed. The trial court entered judgment on a jury verdict for the plaintiff. The defendant appealed.
The first issue before this Court is whether the trial court wrongfully denied the defendant’s motion for a directed verdict. The Bank contends that Climate Masters failed to prove all the necessary elements of fraudulent misrepresentation, and, thus, that its motion for directed verdict should have been granted.
The elements of misrepresentation are found in § 6-5-101, Code of Alabama 1975, and are as follows:
1. a false representation
2. as to a material fact
3. relied upon by another
4. damage as a proximate result.
In addition, when the misrepresentation is as to an act to be performed in the future, as in this case, two other elements must be present. Birmingham Broadcasting Co. *1005 v. Bell, 259 Ala. 656, 68 So.2d 314 (1953). They are:
1. that the misrepresentation must have been made with the intent to deceive the other party, and
2. that there must have been, at the time the representation was made, an intent not to ,do the thing promised.
The appropriate standard to be applied when reviewing a denial of a motion for directed verdict is “whether the evidence, when viewed in a light most favorable to the non-moving party, furnishes any support for the theory of the complaint.” Interstate Engineering, Inc. v. Burnette, 474 So.2d 624, 627 (Ala.1985). Therefore, in its consideration of this case, this Court must examine the evidence presented at trial to determine if some evidence was presented as to each element of fraudulent misrepresentation. The relevant facts presented are as follows:
Plaintiffs president and comptroller both testified that one of the Bank’s vice presidents persuaded plaintiff not to file a mechanic’s lien on a construction project that the Bank was financing and for which the Bank still held $100,000 in loan proceeds. Their testimony was that they complied with the vice president’s request and refrained from filing a lien because he promised to personally insure that plaintiff, a sub-contractor on the project, would receive payment before Bank would allow the final disbursement to be made to the contractor. The vice president failed to keep this promise, and, as a result, the plaintiff suffered a financial loss. As evidence of this loss, the plaintiff’s witnesses testified that if the plaintiff had filed a lien before closing, the closing agent would have held back the amount in dispute, as was done for another sub-contractor on this job, Val-ta Construction, and that then the plaintiff would have been able to recover the full contract price of work done on this project.
As to the two elements concerning the defendant’s intent, plaintiff presented circumstantial evidence from which reasonable inferences of the defendant’s intent could be drawn. Marshall Durbin Farms, Inc. v. Landers, 470 So.2d 1098 (Ala.1985); Clanton v. Bains Oil Co., 417 So.2d 149 (Ala.1982).
According to the plaintiff’s witnesses and the vice president of the Bank, the Bank’s construction loan was to be “taken out” by a permanent financier, and any lien filed on the job would have been a stumbling block to this “take out” and thereby would have caused problems for the defendant. Additionally, the Bank’s agent testified that he never made the statement assuring the plaintiff of payment, and never intended to insure payment.
We find that, when viewed in a light most favorable to the plaintiff, the non-moving party, this evidence was sufficient to send the case to the jury, and therefore the trial court’s denial of the motion for directed verdict was correct.
The second issue raised by the defendant is whether the trial court erred in giving certain instructions to the jury or in failing to give certain other instructions to the jury and thereby prejudiced the defendant’s case. The first thing with which defendant finds fault is the trial judge’s failure to direct the jury to return a special verdict. Rule 49(a), A.R.Civ.P., expresses a preference for general verdicts in simple cases, but leaves the decision to the trial judge’s discretion. On appeal, this Court will reverse in regard to matters solely within the trial court’s discretion only when there has been a clear abuse of discretion. Marshall v. Guerdon Industries, Inc., 373 So.2d 322 (Ala.1979). This is not one of those cases; therefore, we uphold the trial judge’s decision.
The Bank also argues that the trial court incorrectly instructed the jury as to prejudgment interest at the rate of 18% in addition to punitive damages. While it is true that such an action by the court would have been improper, Mutual Sav. Life Ins. Co. v. Osborne, 247 Ala. 252, 23 So.2d 867 (1945), the record indicates that the reference to this 18% was not a reference to prejudgment interest, as the Bank contends, but a reference to interest due under the plaintiff’s contract with the general contractor, and, as such, it was a proper *1006 consideration in determining compensatory damages. The trial court’s charge was not misleading in this regard.
Finally, the Bank contends that it was prejudiced by the court’s refusal to instruct the jury as to the affirmative defenses raised in its answer and pleadings. These affirmative defenses were (1) knowing waiver of a statutory right; (2) res judicata and collateral estoppel; and (3) accord and satisfaction.
As to the affirmative defense of waiver, the defendant argues that the plaintiff knew of its right to file a mechanic’s lien and that its failure to do so before final disbursement constituted a waiver of that right. However, the question here is not whether the plaintiff knowingly waived its statutory right to file a mechanic’s lien, but rather whether the plaintiff justifiably refrained from filing this lien in the belief that the defendant would not disburse all of the construction money without first paying the plaintiff. Therefore, the affirmative defense of waiver does not apply.
The trial court also refused to instruct the jury as to the affirmative defenses of res judicata and collateral estoppel. This plaintiff had previously sued the general contractor of the construction project to enforce a mechanic’s lien. The defendant argues that the judgment in that earlier suit supports its defenses of res judicata and collateral estoppel in the present case. The issues in that earlier suit were: (1) whether a notice was served; (2) whether a statement of lien was filed; (3) whether the suit to enforce the lien was filed within the appropriate time; (4) whether the property against which the lien was to attach had been properly described; (5) whether the owner or proprietor had been properly identified; (6) whether it was proven that the work was actually done; and (7) whether monies were due for work done. The defendant was not a party to that action. The issues set out above are not related to the present suit for misrepresentation by the defendant, and, because the issues and the proof were not the same, the theories of res judicata and collateral estoppel are
not applicable. Irwin v. Alabama Fuel & Iron Co., 215 Ala. 328, 110 So. 566 (1925).
The final affirmative defense alleged by the defendant is accord and satisfaction. The defendant contends that the prior judgment on the mechanic’s lien against the contractor bars any subsequent action against the defendant as the agent of the contractor. However, no evidence was presented of an accord and satisfaction between the plaintiff and the general contractor, nor was evidence presented that the defendant was acting as the contractor’s agent. More importantly, accord and satisfaction is a defense only to further actions on the claim discharged in the accord (1 C.J.S. Accord and Satisfaction § 64 at p. 564 (1985)), and here the plaintiff’s claim against the defendant is distinct and dissimilar from the claim asserted against the general contractor in the previous suit. Therefore, the trial court’s refusal to instruct the jury as to the affirmative defense of accord and satisfaction was not error.
This Court will not reverse a judgment on the basis that the trial court has “misdirected” the jury “[unless] the error complained of has probably injuriously affected substantial rights of the parties.” Rule 45, A.R.App.P. Under Rule 45, such determinations of error are to be made after an “examination of the entire cause.” This has long been the rule; see Morgan County v. Hill, 257 Ala. 658, 60 So.2d 838 (1952). After such an examination, we find that the Bank’s affirmative defenses were without merit, and, consequently, that it was not harmed by the court’s refusal to instruct the jury as to the affirmative defenses set out in its answer and pleadings.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.