531 So.2d 838 (1988)
Ex parte GEORGIA CASUALTY AND SURETY COMPANY.
(In re: Johnny C. WHITE and Mary Elizabeth White v. ALABAMA FARM BUREAU MUTUAL CASUALTY INSURANCE COMPANY, et al.)
87-913.
Supreme Court of Alabama.
August 26, 1988.
*839 James R. McKoon, Jr. of Ferrell, McKoon & Britton, Phenix City, for petitioner.
Boyd Whigham, Clayton, for respondents.
HOUSTON, Justice.
Johnny C. White, an employee of Automatic Gas Company of Eufaula, Inc., while acting within the scope of his employment as the driver of a gas delivery truck, was injured in a collision with a vehicle driven by an uninsured motorist. Mary White, his wife, was a passenger in the delivery truck at the time of the accident. She was also injured. This petition arose out of a lawsuit filed by the Whites against Georgia Casualty and Surety Company in which they claimed that they were entitled to stack uninsured motorist coverage pursuant to a policy of insurance issued by Georgia Casualty to Mr. White's employer. The Whites also claimed that Georgia Casualty intentionally misrepresented to them that stacking was not allowed under the terms of that policy (this claim is hereinafter referred to as "the first fraud claim"), and claimed that Mr. White was not entitled to benefits under the workmen's compensation policy that Georgia Casualty had issued to Mr. White's employer (this claim is hereinafter referred to as "the second fraud claim"). The Whites alleged that these misrepresentations were part of an overall plan or scheme on the part of Georgia Casualty to deny them coverage. The trial court granted summary judgment for Georgia Casualty as to all of the claims made by the Whites.[1] The Whites appealed. *840 This Court, addressing only the Whites' contention that they were entitled to stack coverage, held that Mr. White was entitled to stack coverage, but that Mrs. White was not. Consequently, this Court affirmed the trial court's judgment in part, reversed it in part, and remanded the case for further proceedings. See White v. Georgia Cas. & Surety Ins. Co., 520 So.2d 140 (Ala.1987), for a more detailed statement of the facts and the holding. Thereafter, the Whites made several discovery requests, in an apparent attempt to uncover information relating to their fraud claims. Georgia Casualty objected to this discovery, on the ground that fraud was no longer at issue in the case, and requested a protective order. The trial court denied that request. Georgia Casualty then brought this petition for a writ of mandamus to direct the trial court to issue a protective order. We deny the writ.
Georgia Casualty contends that this Court, in White v. Georgia Cas. & Surety Ins. Co., supra, affirmed the summary judgment as to the Whites' fraud claims. It argues, therefore, that fraud is no longer at issue in the case and, thus, is not a proper subject of discovery. On the other hand, the Whites take the position that this Court remanded the fraud claims for further proceedings and, therefore, that those claims are the proper subject of further discovery.
The contentions of the parties, concerning as they do the proper interpretation to be given a previous decision of this Court, require that we not only examine the record submitted with the petition in this case, but also reexamine the record and briefs in White v. Georgia Cas. & Surety Ins. Co., supra. It appears to us that the primary, if not the sole, focus of the parties during the summary judgment proceeding was on the stacking issue. The parties and the trial court apparently considered the question of stacking to be a threshold issue in the case; that is, they apparently recognized that if coverage could not be stacked, then Georgia Casualty would be entitled to a judgment as a matter of law on the Whites' first fraud claim. Once the trial court concluded that the Whites could not stack coverage, it apparently granted summary judgment in favor of Georgia Casualty on the first fraud claim. It is unclear to us exactly why the trial court granted summary judgment for Georgia Casualty as to the Whites' second fraud claim.
On appeal to this Court, the Whites, contending that the trial court had erred in granting summary judgment for Georgia Casualty, primarily argued that they were entitled to stack coverage. They did direct a portion of their argument to the propriety vel non of summary judgment on the second fraud claim; however, that argument consisted only of several general legal conclusions and contained no citation to the record. In its argument, Georgia Casualty made no reference at all to the second fraud claim. Consequently, the issue concerning the propriety of the summary judgment on the second fraud claim was deemed by the Court to have been waived and, thus, was not considered, on the ground of insufficient argument. Tallant v. Grain Mart, Inc., 432 So.2d 1251 (Ala. 1983). Instead, the Court considered and addressed the Whites' argument that they were entitled to stack coverage. Because the parties and the trial court apparently *841 considered resolution of the stacking issue to be determinative of the first fraud claim, the Whites sufficiently raised the propriety of summary judgment as to the first fraud claim by raising the stacking issue. Consequently, when this Court held that Mr. White was entitled to stack coverage and, thus, reversed the summary judgment as to him, the first fraud claim was reinstated to the extent that it related to alleged misrepresentations concerning the extent of his coverage.
As the above discussion illustrates, Georgia Casualty is partially correct in that the second fraud claim, and the first fraud claim, insofar as that claim related to alleged misrepresentations concerning the extent of Mrs. White's coverage, can no longer serve as a basis upon which liability may be imposed. However, this does not necessarily mean that a writ of mandamus would be proper in this case to limit the discovery requested by the Whites. The Alabama Rules of Civil Procedure vest broad discretion in the trial court to control the discovery process. This discretion is not unlimited, and mandamus is a proper means to determine if the trial court abused its discretion in compelling or prohibiting discovery; however, due to the extraordinary nature of the writ, mandamus will issue only where the relief sought allows no reasonable basis for controversy. Ex parte Sargent Industries, Inc., 466 So.2d 961 (Ala.1985). We cannot say that the denial of Georgia Casualty's request for a protective order constitutes an abuse of discretion on the part of the trial court. Under Rule 26(b)(1), Ala.R.Civ.P., parties are entitled to discover "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Furthermore, that Rule provides that "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Evidence of similar fraudulent acts are admissible to prove an alleged fraudulent scheme. Ex parte State Farm Mut. Ins. Co., 452 So.2d 861 (Ala.1984). See, also, Great American Ins. Co. v. Dover, 221 Ala. 612, 130 So. 335 (1930) ("evidence of other fraudulent transactions by the same party and substantially of the same character, contemporaneous in point of time, or nearly so, is admissible to show fraud in respect to a matter wholly distinct from the previous transaction").
The information sought by the Whites could lead to admissible evidence. The trial court determined that the discovery requested was proper. The broad scope given our discovery rules necessarily requires that the trial court be vested with considerable discretion in ruling on such matters. Ex parte State Farm Mut. Auto. Ins. Co., supra.
Because we find no abuse of discretion, the petition for writ of mandamus is due to be denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.
NOTES
[1] The trial court's judgment, in pertinent part, reads as follows:

"This cause coming on to be heard is submitted to the court on ... [defendant] Georgia Casualty & Surety Company's ... motion for summary judgment and plaintiffs' motion for partial summary judgment, on all items submitted by the defendant and plaintiffs in support of said motions, including the pleadings, the deposition of the plaintiffs, the briefs filed on behalf of plaintiffs and defendant, including the letter briefs of both, the interrogatory answers which plaintiffs requested be considered in this cause and which were allowed by the court, a certified copy of the policy of insurance issued by defendant covering plaintiffs and upon the arguments of the respective counsel for the parties presented ore tenus upon the hearing of said motion held on the 8th day of July, 1985, and upon due consideration of all items so submitted, the Court finds as follows:
"[The court here set out certain facts and discussed why it concluded that the Whites were not entitled to stack coverage.]
"The court further finds, there is no genuine issue in this action as to any material fact and the defendant is entitled to summary judgment as a matter of law. It is, therefore,
"ORDERED AND ADJUDGED by the court that summary judgment be and the same is hereby granted in favor of defendant, Georgia Casualty & Surety Company, and that the complaint in this cause to the extent that it alleges claims against defendant, Georgia Casualty & Surety Company, be and the same is hereby dismissed with prejudice. For the reasons stated above, it is further Ordered and Adjudged that the plaintiffs' motion for partial summary judgment is denied.
"This cause involves claims on behalf of plaintiffs against multiple defendants other than Georgia Casualty & Surety Company. It is the express determination of this court pursuant to Rule 54(b), Alabama Rules of Civil Procedure, that there is no just reason for delay in the entry of final judgment with respect to the claims made against defendant, Georgia Casualty & Surety Company. Accordingly, it is further ORDERED that the said summary judgment entered in favor of defendant, Georgia Casualty & Surety Company, be and the same hereby is deemed the entry of final judgment in favor of said defendant pursuant to said Rule 54(b)." (Emphasis added.)