Joel M. Harrell sued the City of Jackson, alleging breach of an oral contract of lifetime employment and seeking relief on the theory of promissory estoppel. Harrell also sued James E. Arrington, mayor of the City of Jackson, and William S. Taylor, the city's chief of police, seeking damages for a fraud, alleging that Arrington had represented to Harrell that Harrell would be permanently employed as a police officer for the City of Jackson. Harrell was never employed as an officer with the City. On July 11, 1991, the trial court denied the City's motion for summary judgment, but entered a summary judgment for Arrington and Taylor, based on their motion. The trial court made that judgment final pursuant to Rule 54(b), A.R.Civ.P. Harrell appeals from that summary judgment. We affirm.
Harrell had been a patrolman with the Louisiana state police for 14 years, when he contacted Arrington about possible employment as a police officer in Jackson. Harrell claims that Arrington told him that "he would be glad to hire [him] as soon as [he] was available" and that the "actual hiring [was left] up to the chief [of police], but that the chief always did what he wanted him to do anyway."
Subsequently, Harrell talked with Taylor; Taylor informed Harrell that "at that particular time . . . he did not have any openings" but that Harrell could complete an application for employment. In April 1988, Harrell met with Taylor again and gave him his completed application. Harrell claims that, at that second meeting, Taylor stated that he had one opening "coming up the first of August and it was mine." Harrell also contended that Taylor said that the "job was [Harrell's] as long as [Harrell] wanted it and [that Harrell] was hired." Taylor did not have the authority to hire police officers and only made recommendations to the city administrator with respect to who should be hired; however, the evidence indicates that Taylor's recommendations were accepted by the city administrator and the city council. *Page 1358 
Harrell contends that, based on his conversations with Arrington and Taylor, he left his job with the Louisiana state police and then moved to Clarke County on June 5, 1988, believing that he would begin work in August 1988. Harrell claims that he justifiably relied on their representations and that, as a consequence, he suffered loss; he claimed damages based on reduced retirement income as a result of his taking an early retirement in Louisiana, past and future lost wages, moving expenses, additional out-of-pocket expenses, mental anguish, and emotional distress. Harrell took a 14% penalty for early retirement; his salary with the Louisiana state police at the time of his retirement was $26,000 per year, and he alleges that he was told he would receive $20,000 per year, as well as retirement benefits, as a police officer with the City of Jackson. Arrington and Taylor contend that the evidence shows that Harrell was already requesting and receiving information concerning his retirement in February 1988, before he talked with Arrington or Taylor.
The trial court held that Harrell had presented no substantial evidence that either Arrington or Taylor had fraudulently misrepresented to Harrell that he had a permanent employment contract with the City of Jackson. We agree.
This Court has previously set forth the essential elements of a fraud claim: " '(1) misrepresentation of a material fact; (2) made willfully to deceive, or recklessly without knowledge; (3) which was justifiably relied upon by the plaintiff under the circumstances; and (4) which caused damages as a proximate consequence. Bowman v. McElrath Poultry Co., 468 So.2d 879
(Ala. 1985).' " Harris v. M S Toyota, Inc., 575 So.2d 74, 76
(Ala. 1991). When, as in the present case, the alleged misrepresentation refers to an act to be performed in the future, two additional elements must be proven: "[1] the misrepresentation must have been made with the intent to deceive the other party, and [2] . . . there must have been, at the time the representation was made, an intent not to do the thing promised." Farmers Merchants Bank v. Climate Masters Electrical Co., 514 So.2d 1003, 1004-05 (Ala. 1987). (Emphasis in the original.)
When the alleged misrepresentation refers to an act to be performed in the future, then absent evidence that the representation was made with the intent to deceive and with the intent not to perform, a summary judgment for the defendant is proper. Selby v. Quartrol Corp., 514 So.2d 1294, 1297
(Ala. 1987). This Court can find no evidence in the present case to support an allegation that, at the time the representations were made, Arrington and Taylor lacked an intent to perform and intended to deceive Harrell.
For the foregoing reasons, the summary judgment in favor of Arrington and Taylor is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.