682 So.2d 392 (1996)
Ex parte PHILADELPHIA LIFE INSURANCE COMPANY.
(In re Jerri Lynn HENSLEY, et al. v. PHILADELPHIA LIFE INSURANCE COMPANY and Linda Baird).
1950477.
Supreme Court of Alabama.
August 2, 1996.
*393 Ollie L. Blan, Jr., Thomas M. Eden III and Howard K. Glick of Spain & Gillon, Birmingham, and Thomas H. Young of Rogers, Young & Wollstein, Anniston, for Petitioner.
Frederick T. Kuykendall III, Joe R. Whatley, Jr., Peter H. Burke and Richard P. Rouco of Cooper, Mitch, Crawford, Kuykendall & Whatley, Birmingham, for Respondents.
INGRAM, Justice.
The defendant Philadelphia Life Insurance Company petitions this Court for a writ of mandamus directing the Calhoun Circuit Court to vacate its order granting the plaintiffs' motion to compel discovery and denying Philadelphia Life's motion for a protective order. Philadelphia Life contends that the trial court abused its discretion in compelling it to fully respond to the plaintiffs' discovery requests rather than limiting the scope of the requests and granting a protective order.
The writ of mandamus is an extraordinary writ available to provide relief for "a party [who] seeks emergency and immediate appellate review of an order that is otherwise interlocutory and not appealable." Rule 21(e)(4), Ala.R.App.P. In order for this Court to issue a writ of mandamus, the petitioner must show: "(1) a clear legal right ... to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991).
The plaintiffs, Larry Hensley and Jerri Lynn Hensley, allege the following facts: The Hensleys, owners of Riteway Beauty Supply, Inc., were interested in purchasing for themselves and their employees life insurance policies that would provide a source of retirement income. They discussed their needs with Linda Baird, an agent for Philadelphia Life. The Hensleys allege that Baird represented to them that Philadelphia Life had life insurance policies that would provide them with a guaranteed amount of retirement income and with a death benefit. They also allege that Baird told them that Riteway would be entitled to a tax deduction for premiums it paid on behalf of its employees. Based upon this information, the Hensleys purchased the Philadelphia Life policies. The Hensleys were never able to obtain the appropriate tax forms from Baird in order to take the promised tax deductions. The Hensleys later discovered that they could not claim the tax deduction. They also discovered that the policies did not provide the cash values represented by Baird. Finally, they discovered that in regard to the Hensleys and one of the employees Baird had made false representations on the applications regarding whether they were tobacco smokers.[1]
*394 On December 14, 1994, the Hensleys sued Baird and Philadelphia Life. Along with the complaint, the Hensleys served Baird and Philadelphia Life with interrogatories and a request for production of documents. Baird and Philadelphia Life had 45 days to respond to the discovery, their responses being due in late January 1995. However, on January 16, 1995, Philadelphia Life removed the action to a Federal district court. On March 10, 1995, the Federal court, holding that it did not have subject matter jurisdiction, remanded the case to the Calhoun Circuit Court. On April 19, 1995, Philadelphia Life sought review by filing a "petition for extraordinary writ" with the Court of Appeals for the Eleventh Circuit. On April 26, 1995, the Eleventh Circuit denied that petition.
In the meantime, the date for Philadelphia Life's discovery responses had passed, with no responses being filed. In response to a letter from the Hensleys, Philadelphia Life hand delivered draft responses to the discovery requests, with objections to certain requests. Dissatisfied with Philadelphia Life's response, the Hensleys filed a motion to compel discovery. In turn, Philadelphia Life filed for a protective order. Over six months later, on November 14, 1995, the trial court granted the Hensleys' motion to compel and denied Philadelphia Life's motion for a protective order. The trial court also denied Philadelphia Life's "motion to reconsider."
During the six-month interim before the trial court granted the Hensleys' motion to compel, the Hensleys and Philadelphia Life reached a settlement concerning responses to the discovery requests. Philadelphia Life had objected to interrogatories 10, 11, and 13, and requests for production 12 and 13, contending that the information sought by them was irrelevant and not reasonably limited in scope, time, or geographical area. The Hensleys agreed to allow Philadelphia Life to limit its responses to Alabama and the past five years. However, the Hensleys made their settlement agreement contingent upon the trial court's denial of their motion to compel, because the Hensleys contended that Philadelphia Life had waived its right to object to the discovery requests by not objecting within the 45 days. As previously noted, the trial court granted the Hensleys' motion to compel and ordered Philadelphia Life to fully respond to the discovery requests.
The interrogatories and requests for production at issue read as follows:
"[INTERROGATORY] 10. IDENTIFY in complete detail, all complaints PHILADELPHIA LIFE has received from any of its insureds or other PERSONS, regarding or relating to any agent of PHILADELPHIA LIFE falsifying documents, or providing misleading and inaccurate information upon any application of insurance, or misrepresenting the value and terms of a product which PHILADELPHIA LIFE sold.
"[INTERROGATORY] 11. IDENTIFY in complete detail, any and all prior lawsuits against PHILADELPHIA LIFE, or settlements of any prior lawsuits against PHILADELPHIA LIFE, wherein an agent of PHILADELPHIA LIFE had falsified documents, or had provided misleading and inaccurate information upon any application of insurance, or had misrepresented the value and terms of a product which PHILADELPHIA LIFE sold.
". . . .
"[INTERROGATORY] 13. IDENTIFY in complete detail, any and all instances wherein PHILADELPHIA LIFE has declared one of its insurance policies invalid, or denied payment on one of its insurance policies, because the smoking status of the insured had been misrepresented on the application of insurance."
"[REQUEST FOR PRODUCTION] 12. Any and all documents which refer to, relate to, mention, discuss or show, any agent of PHILADELPHIA LIFE falsifying documents, or providing misleading and inaccurate information upon any application of insurance, or misrepresenting the value and terms of a product which PHILADELPHIA LIFE sold.

*395 "[REQUEST FOR PRODUCTION] 13. Any and all documents which refer to, relate to, mention, discuss or show, any prior lawsuits against PHILADELPHIA LIFE, or settlements of any prior lawsuits against PHILADELPHIA LIFE, wherein an agent of PHILADELPHIA LIFE had falsified documents, or provided misleading and inaccurate information upon any application of insurance, or misrepresented the value and terms of a product which PHILADELPHIA LIFE sold."
Philadelphia Life contends that the trial court abused its discretion by not placing what it considered to be reasonable time and area limitations on the discovery requests, given that the Hensleys had previously agreed to accept such limitations, regardless of whether their agreement was contingent upon the trial court's ruling. The Hensleys contend that the trial court did not abuse its discretion in ordering Philadelphia Life to respond, because, they say, Philadelphia Life had waived any objections it might have to the interrogatories and requests for production.
The Alabama Rules of Civil Procedure are construed broadly to allow parties to obtain information needed in the preparation of their case. See Ex parte Asher, Inc., 569 So.2d 733 (Ala.1990); Ex parte Clarke, 582 So.2d 1064 (Ala.1991). The discovery process may lead to information helpful in choosing the strategy of a case. It may also steer a party's attorney to discover that, in fact, there was no actionable conduct and that the case may be dismissed. In its decisions regarding discovery, the trial court is vested with a considerable, although not unlimited, amount of discretion.
In Ex parte Stephens, 676 So.2d 1307 (Ala. 1996), this Court stated that the first step in determining whether a court has abused its discretion is to determine the particularized need for discovery, in light of the nature of the claim. As noted in Stephens, this Court has held that a party alleging fraud is entitled to a broader range of discovery than is usually allowed, because of the greater difficulty in proving fraud. See also Ex parte Rowland, 669 So.2d 125 (Ala.1995).
We cannot say that the trial court abused its discretion in refusing to impose time and area limitations on the discovery requested by the Hensleys. Under Rule 26(b)(1), Ala.R.Civ.P., parties are entitled to discover "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Furthermore, that Rule provides that "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Evidence of similar fraudulent acts is admissible to prove an alleged fraudulent scheme. Ex parte Georgia Casualty & Surety Co., 531 So.2d 838 (Ala.1988). Furthermore, in order for this Court to issue the writ of mandamus, Philadelphia Life must show a clear legal right to the relief sought. See Alfab, supra. It has not made that showing.
The information sought by the Hensleys could lead to the discovery of admissible evidence. The trial court determined that the discovery requested was proper. The broad scope of discovery allowed by our rules necessarily requires that the trial court be vested with considerable discretion in ruling on such matters. Ex parte Georgia Casualty, supra.
Because we find no abuse of discretion, the petition for the writ of mandamus is due to be denied.
WRIT DENIED.
SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX, J., dissent.
HOOPER, Chief Justice (dissenting).
The trial court should have imposed limits on the plaintiffs' discovery requests for information regarding other policyholders of Philadelphia Life. The plaintiffs' request for information as to any past "pattern and practice" on the part of the defendant is extraordinarily broad. According to Rule 26(c), Ala. R. Civ. P., information sought through discovery must be limited to a reasonable geographical area, a reasonable time period, and a reasonable scope of inquiry.
*396 The trial court did not impose any geographic limits on discovery. "Alabama does not have the power ... to punish [a defendant] for conduct that was lawful where it occurred and that had no impact on Alabama or its residents. Nor may Alabama impose sanctions on [a defendant] in order to deter conduct that is lawful in other jurisdictions." BMW of North America, Inc. v. Gore, ___ U.S. ___, ___, 116 S.Ct. 1589, 1597-98, 134 L.Ed.2d 809 (1996). The plaintiffs' discovery request should be limited to events that occurred in the State of Alabama within a certain limited time and should cover only claims and disputes that are similar to those involved in this case. I think this Court should issue a writ of mandamus directing the trial court to enter a protective order to prevent unreasonable discovery.
NOTES
[1] From the limited information provided in the mandamus petition, we cannot tell what harm the Hensleys allegedly suffered because of this alleged misrepresentation.