12 So.3d 159 (2008)
Kenneth Tyrone MONCRIEF
v.
STATE of Alabama.
CR-07-2060.
Court of Criminal Appeals of Alabama.
December 19, 2008.
Kenneth Tyrone Moncrief, pro se.
Troy King, atty. gen., and Beth Slate Poe, asst. atty. gen., for appellee.
WISE, Judge.
AFFIRMED BY UNPUBLISHED MEMORANDUM.
McMILLAN, J., concurs. BASCHAB, P.J., and SHAW, J., concur in the result. WELCH, J., concurs in the result, with opinion.
WELCH, Judge (concurring in the result).
On July 24, 2008, Kenneth Tyrone Moncrief filed a motion pursuant to § 13A-5-9.1, Ala.Code 1975, asking the circuit court to reconsider his sentence of life imprisonment as a habitual felony offender after his conviction for first-degree escape. He argued that he was eligible for reconsideration, as set forth in Kirby v. State, 899 So.2d 968 (Ala.2004), and Holt v. State, 960 So.2d 726 (Ala.Crim.App.2006). The circuit court's ruling was hand written on the top of Moncrief's motion; it stated only "denied." (C.R. 1.) Moncrief appealed from the circuit court's denial of his motion.
The unpublished memorandum affirming the trial court's denial of Moncrief's motion finds that because Moncrief admitted to three previous burglary convictions, the circuit court apparently determined that he was a violent offender and that he was thus ineligible for sentence reconsideration under § 13A-5-9.1.
I write specially because I believe that the circuit court's ruling"denied"was a sufficient ruling that renders unnecessary any analysis by this Court as to the possible reasons underlying the ruling.
*160 The eligibility requirements for sentence reconsideration are set forth in Kirby and Holt  "(1) the inmate was sentenced before May 25, 2000, the date the 2000 amendment to the [Habitual Felony Offender Act] became effective; (2)'the inmate was sentenced to life imprisonment without the possibility of parole pursuant to § 13A-5-9(c)(3) and had no prior Class A felony convictions or was sentenced to life imprisonment pursuant to § 13A-5-9(c)(2). . .; and (3) the inmate is a `nonviolent convicted offender.'" Holt, 960 So.2d at 734-35.
In its unpublished memorandum, this Court concludes that Moncrief is ineligible for sentence reconsideration. Because the circuit court ruled that the motion was "denied," I do not believe this conclusion is necessary. I believe that even when an inmate is eligible for consideration to be resentenced, the circuit court's decision is discretionary and will not be disturbed on appeal absent noncompliance with Ex parte Gunn, 993 So.2d 433, 436 (Ala.2007) ("the plain language of the statute does not limit that jurisdiction to one motion per defendant per case"). See Kirby, 899 So.2d at 974 (noting that "the state's trial judges have the authority under the statute to determine whether a defendant is a nonviolent offender"). See also Sanders v. State, 934 So.2d 432, 434 (Ala.Crim.App. 2005) ("Whether an inmate is a violent offender is for the circuit court to determine and, in the absence of an abuse of its discretion in so determining, we will not disturb its finding on appeal").
"Matters resting in the sound discretion of the trial court will not be disturbed on appeal unless there is a clear abuse of discretion." Kirby, 416 So.2d at 1012 (quoting Williamson-Johns Co. v. Johns, 355 So.2d 706, 707 (Ala.1978)). I cannot say the wide discretion afforded the circuit court when considering these motions has been clearly abused when the circuit court merely rules that such a motion is "denied." For this reason I would affirm; I therefore concur in the result.